I agree with the majority opinion, both as to its holding and as to its rationale. I write specially to explain that I have no quarrel with the majority's reference to "common law" as the source of those rights protected by § 13, so long as "common law" is used and understood in its broadest sense. A right of such fundamental character as contemplated by § 13 may have its source in the legislative process, customs and practice, or in the judicial process. It is the nature and character of the right, i.e., its being so engrained into the fabric of the law as to acquire a fundamental and basic status, rather than its source, that dictates § 13's protective applicability.
By the same token, not every right which evolved through the "common law," as that term is used in its narrower sense, is protected under § 13. Again, the test is whether the right sought to be abolished or modified has acquired such a basic and fundamental status as to constitute an indelible thread in the fabric of our law. And even what is fundamental, as that term is here used, is determined by an evolving standard subject to the changing mores and social climate of our society. For example, the right to seek redress for breach of promise, which was once well established as a common law right, was reduced through changing societal values to something less than a fundamental right and was abolished without offense to § 13. On the other hand, the right of privacy, apart from its influence on other fundamental rights guaranteed by the Constitution, such as the prohibition against unreasonable searches and seizures, may some day evolve into a right of such fundamental status that civil remedies for its breach will fall under the protective umbrella of § 13.